UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC PIPES #340179,

       Petitioner,

v.                                                         CASE NO. 07-11166
                                                          HONORABLE VICTORIA A. ROBERTS
THOMAS BELL,

       Respondent.

_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Cedric Pipes has applied for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction for first-degree murder on grounds that the trial court erred by admitting in evidence (1) the transcript of a prosecution witness's testimony at an investigative hearing and (2) the nontestifying co-defendant's statements to the police. Respondent argues in an answer to the habeas petition that these claims are procedurally defaulted. The Court agrees. Therefore, the habeas petition will be denied.

**I. Background**

Petitioner and his co-defendant, Julian Key, were charged in Wayne County, Michigan with first-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony (felony firearm). Petitioner also was charged with being a felon in possession of a firearm. The charges arose from a drive-

by shooting on March 23, 2002, at a house in Detroit.  Terrell Brown was sitting on the porch of the house when he saw a car drive by.  Then a Jeep Cherokee pulled up to the house, and he heard gunshots.  He escaped injury, but three-year-old Destinee Thomas, who was playing inside the house, was struck by a bullet and killed.  The prosecution's theory was that the shooting was the result of a dispute between the defendants and rival drug dealers.

Before trial, Petitioner's co-defendant moved for a separate trial or a separate jury on the ground that his and Petitioner's defenses were mutually exclusive.  The trial court denied the motion, and the defendants were tried jointly before one jury.  Their first trial ended in a mistrial.  The second trial concluded on December 11, 2002, when a Wayne County Circuit Court jury found both defendants guilty of first-degree (premeditated) murder.  The jury acquitted the men of the assault and firearm charges.  The trial court sentenced Petitioner to mandatory life imprisonment without the possibility of parole.

Petitioner raised his two habeas claims in an appeal of right.  The Michigan Court of Appeals consolidated his case with Julian Key's case and reversed the defendants' murder convictions in an unpublished opinion.  The court of appeals remanded the case for a new trial on the ground that the defendants'  right to confront the witnesses against them was violated when their statements to the police were admitted in evidence at their joint trial.  The court of appeals found no error in the trial court's admission of a prosecution witness's testimony from an investigative hearing.  *See People v. Pipes*,

2

No. 247718 (Mich. Ct. App. May 31, 2005).[1]  The prosecutor appealed the court of

appeals decision on the issue of the co-defendants' statements to the police.  A majority

of the Michigan Supreme Court reversed the judgment of the court of appeals and

reinstated the defendants' murder convictions because they failed to object at trial to the

violation of their right of confrontation.  *See People v. Pipes*, 475 Mich. 267; 715 N.W.2d

290 (2006).[2]  On March 19, 2007, Petitioner filed his habeas corpus petition, raising the

same two issues that he presented to the Michigan Court of Appeals.

## II.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the

state court's adjudication of his claims on the merits –

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state

court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the Supreme] Court

_____

[1] Judge Meter concurred in part and dissented in part.  He voted to affirm the
defendants' convictions in all respects because he thought the defendants waived their
challenge to the joint trial and the admission of each other's statements when they
informed the trial court that they would testify at trial.

[2] Justices Michael F. Cavanagh and Marilyn J. Kelly disagreed with the majority's
conclusion that the constitutional error was not plain error affecting Petitioner's
substantial rights.

has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362,
412-13 (2000). A state court's decision is an "unreasonable application of" clearly
established federal law "if the state court identifies the correct governing legal principle
from [the Supreme] Court's decisions but unreasonably applies that principle to the facts
of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect*
application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court
making the 'unreasonable application' inquiry should ask whether the state court's
application of clearly established federal law was objectively unreasonable." *Id.* at 409.

## III. Discussion

### A. The Admission of a Witness's Testimony at a Prior Hearing

Petitioner alleges that the trial court erred by admitting in evidence the transcript
of Miles Scott's testimony at an investigative hearing. Petitioner asserts that admission
of the transcript violated his right of confrontation because he was not afforded a full
opportunity to cross-examine Scott. Respondent argues that this claim is procedurally
defaulted because Petitioner did not present the claim to the Michigan Supreme Court
and he no longer has an available means for raising the claim in state court.

The doctrine of exhaustion of state remedies requires habeas petitioners to raise
their claims "in each appropriate state court (including a state supreme court with
powers of discretionary review)" before raising their claims in federal court. *Baldwin v.
Reese*, 541 U.S. 27, 29 (2004). Petitioner raised his evidentiary claim in the Michigan
Court of Appeals, but not in the Michigan Supreme Court. He filed an answer to the
prosecutor's application for leave to appeal, but he failed to file a cross-appeal or to

4

argue that the Michigan Court of Appeals incorrectly decided his claim about the admission of Miles Scott's prior testimony.

At first blush then, it appears that Petitioner failed to exhaust state remedies for his first claim by raising the claim in the Michigan Supreme Court. However, the deadline has expired for appealing to the Michigan Supreme Court, and Petitioner's only post-appeal remedy is to file a motion for relief from judgment in the trial court and to appeal any unfavorable decision to the State's appellate courts. While theoretically he could do that, the Michigan Court Rules prohibit granting relief when, as here, the Michigan Court of Appeals has already decided an issue against the defendant and the defendant has failed to show that a retroactive change in the law undermines the appellate court's decision. Mich. Ct. Rule 6.508(D)(2). Thus, Petitioner no longer has an available state remedy to exhaust.

When "no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (explaining that the exhaustion requirement is satisfied if the habeas petitioner's claims are procedurally barred under state law because he no longer has an available remedy to exhaust). Petitioner has not offered any argument in support of a finding of "cause and prejudice." The Court therefore deems the "cause and prejudice" argument abandoned. *Roberts v. Carter*, 337 F.3d 609, 613 (6th Cir. 2003).

The "cause and prejudice" requirement may be overlooked "[i]f a petitioner

5

presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust*, 17 F.3d at 162 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]he Schlup standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House .v Bell*, 547 U.S. 518, 538 (2006).

Petitioner has not presented any new evidence in support of a claim of actual innocence. Therefore, a miscarriage of justice will not occur as a result of the Court's failure to consider the merits of his first claim. The claim is procedurally defaulted.

### B. The *Bruton* Error

Petitioner's second and final claim alleges that the trial court erred by admitting in evidence his co-defendant's statements to the police. This claim is based on *Bruton v. United States*, 391 U.S. 123 (1968), in which the Supreme Court stated that the Confrontation Clause is violated when "the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." *Id.* at 135-36. The Supreme Court went on to say:

6

> Not only are the incriminations devastating to the defendant but their
> credibility is inevitably suspect, a fact recognized when accomplices do
> take the stand and the jury is instructed to weigh their testimony carefully
> given the recognized motivation to shift blame onto others.  The
> unreliability of such evidence is intolerably compounded when the alleged
> accomplice, as here, does not testify and cannot be tested by
> cross-examination.

*Id.* at 136 (footnote omitted).

Both the Michigan Court of Appeals and the Michigan Supreme Court agreed that the admission of Julian Key's statements to the police violated Petitioner's constitutional right to confront the witnesses against him.  The Michigan Supreme Court, however, held that Petitioner did not preserve his constitutional error for appellate review by objecting at trial or by moving for a mistrial when it became apparent that a *Bruton* error had occurred.  Respondent therefore argues that Petitioner's claim is procedurally defaulted.

"[P]rocedural default results where three elements are satisfied:  (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim."  *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).  All three elements are satisfied here.

First, the Michigan Supreme Court's decision in *People v. Carines*, 460 Mich. 750, 761-64; 597 N.W.2d 130, 137-38 (1999), established that, in order to preserve a claim for appellate review, a defendant must first raise his or her constitutional claim in the trial court.  Petitioner violated this rule by failing to object at trial to the admission of

7

his co-defendant's statements to the police on the ground that the evidence violated his

right of confrontation.  He sought a separate trial or separate jury on a different basis,

but not on the ground that his right of confrontation was violated.  Initially there was no

*Bruton* problem because the two defendants intended to testify at trial.  However,

Petitioner could have raised the issue and moved for a mistrial when his co-defendant

changed his mind and decided not to testify.  At that point, it should have been apparent

that a *Bruton* error had occurred.

    The second element of procedural default (enforcement of the rule) also is

satisfied.  The Michigan Supreme Court reviewed Petitioner's *Bruton* claim for "plain

error affecting substantial rights" because Petitioner did not object to the admission of

his co-defendant's statement on *Bruton* grounds and he approved the limiting jury

instruction when the co-defendant's statements were introduced at trial.  A state

appellate court's review for plain error constitutes enforcement of a state procedural

rule.  *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).  The third element of

procedural default (adequate and independent basis) is satisfied as well, because

*Carines* was "firmly established and regularly followed" before Petitioner's trial in 2002.

*Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998) (quoting *Ford v. Georgia*, 498 U.S.

411, 423-24 (1991)).

    All three elements of procedural default are present in this case.  Therefore,

Petitioner must show "cause" for his default and prejudice as a result of the alleged

constitutional error or that the Court's failure to consider the substantive merits of his

claim will result in a fundamental miscarriage carriage of justice.  *Coleman v.

Thompson*, 501 U.S. 722, 750 (1991).  Petitioner has not alleged "cause" for his failure

8

to make a *Bruton* argument in the trial court.

Nor has he shown that the Court's failure to consider the substantive merits of his *Bruton* claim will result in a fundamental miscarriage of justice. As noted above, Petitioner has not presented any new evidence in support of a claim of actual innocence. Furthermore, he admitted in his own statements to the police that he acquired a vehicle to transport Julian Key to the victims' home and that he followed Key to the house in order to "watch his back." The Michigan Supreme Court concluded that Petitioner's statements to the police and the properly admitted evidence, which corroborated his confessions, were sufficient for a jury to find Petitioner guilty of first-degree murder as a principal or as an aider or abettor.

## IV. Conclusion

Both of Petitioner's claims are procedurally defaulted. Accordingly, the petition for writ of habeas corpus (Dkt. #1) is **DENIED**. The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the Court's procedural ruling is correct or whether the habeas petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, if Petitioner chooses to appeal this decision, he may proceed *in forma pauperis* without further authorization because he was granted *in forma pauperis* in the District Court. Fed. R. App. P. 24(a)(3).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 19, 2009

9

The undersigned certifies that a copy of this document was served on the attorneys of record and Cedric Pipes by electronic means or U.S. Mail on August 19, 2009.

s/Carol A. Pinegar
Deputy Clerk